IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS VAZQUEZ,

    Plaintiff,                                   CIV. NO. S- 09-2143 GEB GGH PS

    vs.

U.S. BANK NATIONAL ASSOCIATION, et al.,

    Defendants.                          <u>ORDER AND FINDINGS AND</u>
                                                  <u>RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding pro se in this action, referred to the undersigned pursuant to Local Rule 72-302(c)(21). Presently before the undersigned is defendants' motion to dismiss, as well as plaintiff's response to the order to show cause, issued November 24, 2009, and plaintiff's motion to consolidate. The matters were taken under submission without oral argument.[1] Having reviewed the papers in support of and in opposition to the motions, the undersigned now issues the following order and findings and recommendations.

<u>ORDER TO SHOW CAUSE</u>

        Plaintiff timely responded to the court's order to show cause; however, his statement of apology explains only that he is not an attorney and is unfamiliar with the court's

---

[1] The matters were originally set for hearing on January 7, 2010.

1

procedures. Pro se status does not by itself constitute good cause; however, since plaintiff filed his opposition to the motion at the time he filed his response to the order to show cause, it will be considered. Therefore, the order to show cause will be discharged and sanctions will not be imposed.

MOTION TO DISMISS

    I. <u>Legal Standard for Motion to Dismiss</u>

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

1  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

2  The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

II. Truth in Lending Act

Plaintiff's TILA claim seeks damages from defendants on the ground that defendants violated TILA's disclosure obligations by failing to provide plaintiff with a Truth in Lending disclosure statement prior to consummation of the transaction, failing to make required disclosures clearly and conspicuously in writing, and failing to properly identify the property subject to a security interest. (Compl., ¶¶ 66, 68, 70, 71.) The alleged violations pertain to plaintiff's property purchase for which the loan agreement was entered into on or about October 25, 2006. (Id. at ¶ 6.) The complaint further alleges that defendants violated the TILA in regard to an oral forbearance agreement on January 28, 2008, in which defendants agreed to refrain from foreclosure proceedings if plaintiff made payment by January 28, 2008. (Id. at ¶ 67.)

Defendants argue that plaintiff's TILA claim is barred by TILA's one year statute of limitations for damages claims. 15 U.S.C. § 1640(e). Here, plaintiff's TILA claim arises in part out of failure to make required disclosures at the time the loan was entered, which was on or around October 25, 2006. (Compl. ¶ 6; RJN Ex. 1.) The limitations period began to run at that time, King v. California, 784 F.2d 910, 914 (9th Cir. 1986), and would normally have expired on

1  October 25, 2007.  Plaintiff's complaint was filed on August 3, 2009.

2  Although TILA's limitations period for civil damages may be equitably tolled, King, 784 F.2d at 915, and subject to equitable estoppel, Ayala v. World Sav. Bank, FSB, 616 F. Supp. 2d 1007 (C.D. Cal. 2009), plaintiff does not argue that either of these doctrines apply here. Nor does the complaint allege facts showing the potential applicability of the equitable tolling doctrine.  See Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993); Morales v. City of Los Angeles, 214 F.3d 1151, 1153, 1155 (9th Cir. 2000).  In fact, plaintiff's opposition fails to address the statute of limitations in any way.  Therefore, plaintiff's TILA claim is time barred.

Plaintiff also maintains claims against defendant Ocwen Loan Servicing, LLC for violations of two alleged oral agreements, a "forbearance agreement" made on January 28, 2008, and a "rescission of sale agreement" entered into on March 4, 2008. (Compl. at ¶¶ 13, 14, 67; Oppo. at 4.)  To the extent that the January 28th agreement is set forth under the TILA cause of action, plaintiff cannot maintain an action under TILA against Ocwen as servicer because a servicer is not treated as an assignee of the obligation unless it is the owner of the obligation.  15 U.S.C. § 1641(f)(1).  Subsection (f)(2) requires the servicer to provide the name, address, and telephone number of the owner of the obligation.  That subsection further provides that a servicer is expressly exempted from being considered as the owner of the obligation.  TILA establishes a private right of action and provides for statutory damages for violations of TILA only against the creditor (the owner of the obligation) and assignees.  15 U.S.C. § 1640(a).  Thus, section 1640(a) precludes an action against a servicer.

To the extent that the second alleged oral agreement is not set forth under the TILA cause of action but rather is alleged only as a breach of contract claim, it will be combined with plaintiff's state law claims in the next discussion section.

   III.  State Law Claims

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiff's possible state law claims.  See 28 U.S.C. § 1367(c)(3)

4

(The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988).

MOTION TO CONSOLIDATE

Plaintiff has filed a motion to consolidate this case with an unlawful detainer action proceeding against him in state court. This court has no jurisdiction over unlawful detainer actions which are strictly within the province of state court, nor may the court order removal for consolidation purposes.

CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that:

1. The order to show cause, issued November 24, 2009, (docket #14), is discharged.

2. Plaintiff's motion to consolidate, filed November 25, 2009, (docket # 15), is denied as moot.

IT IS RECOMMENDED that: defendants' motion to dismiss, filed October 8, 2009, (docket # 9), be granted, this action be dismissed with prejudice for lack of subject matter jurisdiction, and that the court decline to exercise jurisdiction over plaintiff's state law claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 01/28/10

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

6  GGH:076:Vazquez2143.mtd.wpd